ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC VON DRAKE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-0652-R |
| | § | |
| NATIONAL BROADCASTING | § | |
| COMPANY, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants National Broadcasting Company, Inc. and Tom Touchet have filed a motion for a temporary stay of discovery pending a ruling on their motion to dismiss. For the reasons stated herein, the motion is granted.

I.

This is a *pro se* race and age discrimination case brought under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001, *et seq.*, with a related claim for intentional infliction of emotional distress. Plaintiff Eric Von Drake, a 49-year old African-American male, accuses the defendants of discrimination for failing to select him as a finalist for a singing competition produced by the *Today Show*. On February 27, 2004, plaintiff filed suit in Texas state district court. Defendants were served by certified mail on March 3, 2004. Along with the complaint, plaintiff served defendants with multiple interrogatories and document requests seeking, *inter alia*, detailed information about the 6,000 people who applied for the singing competition, federal tax returns for the past five years, and copies of felony arrest records regarding Tom Touchet, Robert Wright, and Anthony Lock. Defendants timely removed the case to federal court on March

29, 2004.¹ Shortly thereafter, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. That motion is currently pending before the district judge. Defendants now seek a temporary stay of discovery pending a ruling on their motion to dismiss. Plaintiff has filed a response in opposition to a stay of discovery and the motion is ripe for determination.

II.

A federal district court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c). While discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of stay is by no means automatic." *Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), *quoting In re WRT Energy Securities Litigation*, 1996 WL 580930 at *1 (S.D.N.Y. Oct. 9, 1996). Among the factors that inform the court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Id., citing Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277 at *3 (S.D.N.Y. Mar. 7, 1996) *and Gandler v. Nazarov*, 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994). A stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). *See also Nankivil v. Lockheed Martin Corporation*, 216 F.R.D. 689 (M.D. Fla. 2003), *aff'd*, 87 Fed.Appx. 713, 2003 WL 22669331 (11th Cir. Oct. 23, 2003), *cert. denied*, 2004 WL 540542 (U.S. May 17, 2004) (citing cases) (good

---

¹ Although plaintiff alleges only state statutory and common law causes of action, he seeks "liquidated damages pursuant to the Fair Labor Standards Act." (*See* Plf. Compl. at 9, ¶ 29). Defendants therefore removed this action on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, defendants maintain that federal diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action").

Although the magistrate judge cannot predict the outcome of defendants' motion to dismiss, a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims. Moreover, many of the interrogatories and document requests served on defendants are overly broad and harassing. Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal. Under these unique circumstances, a stay is warranted.[2]

## CONCLUSION

Defendants' motion for a temporary stay of discovery is granted. All discovery in this case is stayed pending a ruling on defendants' motion to dismiss.

SO ORDERED.

DATED: May 20, 2004.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court takes judicial notice that plaintiff is no stranger to the civil justice system, having filed more than 26 lawsuits in the past five years. (*See* Def. Mot., Exh. 1 at 29-33). At a recent hearing before another judge in this district, plaintiff was chastised for "attempting to make a mockery of the federal system." (*Id.*, Exh. 1 at 19).